1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3

4

5   **FRIENDS OF THE RIVER**,                        Case No.  16-cv-05052-YGR

            Plaintiff,
6

7          v.                                         **ORDER GRANTING IN PART MOTION OF
                                                       DEFENDANT UNITED STATES ARMY CORPS
8   **UNITED STATES ARMY CORPS OF                     OF ENGINEERS AND TRANSFERRING FOR
    ENGINEERS, ET AL.,**                              IMPROPER VENUE**

9          Defendants.                                Re: Dkt. No. 12

10

11          Plaintiff Friends of the River brings the instant complaint alleging claims under the

12   Freedom of Information Act ("FOIA"). Plaintiff alleges that defendants Army Corps of Engineers

13   and Lieutenant General Todd T. Semonite (collectively "the Corps") conducted an inadequate

14   search for, and improperly withheld, records plaintiff is seeking pursuant to four separate FOIA

15   requests made between April and June 2016 ("FOIAs 1-4"). Plaintiff seeks declaratory and

16   injunctive relief to compel the Corps to perform reasonable searches, promptly produce

17   improperly withheld records, and cease its patterns and practices that violate FOIA. Defendants

18   have filed a Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue, and

19   include therein a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) with respect to

20   the claims against individual defendant Lieutenant General Todd T. Semonite.

21          Having carefully considered the papers submitted and the pleadings in this action, and for

22   the reasons set forth below, the Court hereby **GRANTS** the Motion to Transfer for Improper

23   Venue.[1] The case shall be transferred to the District of Columbia.  The request to dismiss is

24   **DENIED**.  In light of this ruling, the Court does not address defendants' motion to dismiss claims

25   against individual defendant Lieutenant General Todd T. Semonite.

26

27          [1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court
28   finds that this motion is appropriate for decision without oral argument.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**STANDARD APPLICABLE TO THE MOTION**

2          Failure to file in a proper venue may be raised by motion pursuant to Rule 12(b)(3) of the

3   Federal Rules of Civil Procedure. When considering a motion to dismiss pursuant to Rule

4   12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the

5   pleadings. *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *Argueta*

6   *v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996). Once the defendant has challenged the

7   propriety of venue in the district, the plaintiff bears the burden of showing that venue is proper.

8   *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979). Facts

9   supporting venue may be shown by declaration, affidavit, or other evidence. *Ziegler Chemical and*

10  *Mineral Corp. v. Standard Oil Company*, 32 F.R.D. 241, 243 (N.D. Cal. 1962). Pursuant to 28

11  U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the

12  action or, if it is in the interest of justice, transfer the case to a district or division in which it could

13  have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a

14  proper court, is a matter within the sound discretion of the district court. *See King v. Russell,* 963

15  F.2d 1301, 1304 (9th Cir.1992).

16

**DISCUSSION**

17  **I.      Improper Venue**

18         This case arises out of four FOIA requests plaintiff submitted to the Corps' office in

19  Sacramento, seeking documents related to the Corps' operation and maintenance of two dams on

20  the Yuba River that adversely impact spring run Chinook salmon, steelhead trout, and green

21  sturgeon, which are listed as threatened species under the Endangered Species Act. (Dkt. No. 1 at

22  ¶ 1.) Plaintiff is also currently litigating an Endangered Species Act case against the Corps, and

23  other defendants, related to the Corps' operation and maintenance of the two Yuba River dams in

24  the Eastern District of California in *Friends of the River v. National Marine Fisheries Service*, *et*

25  *al*., Case No. 2:16-cv-00818-JAM-EFB.

26         To determine whether venue is proper, courts look to the venue provisions of 28 U.S.C. §

27  1391 unless the statute in question has a special venue provision. *See Johnson v. Payless Drug*

28  *Stores Northwest, Inc.,* 950 F.2d 586, 587 (9th Cir. 1991) (specific venue provision in statute

2

1   applicable to particular case takes precedence over general venue rule). Here, plaintiff brings

2   claims under FOIA, which has its own venue provision. FOIA provides for venue in either: (1) the

3   judicial district where the plaintiff resides or has her principal place of business, (2) the judicial

4   district where the agency records are situated, or (3) the District of Columbia. 5 U.S.C. §

5   552(a)(4)(B).

6           With respect to venue, plaintiff's complaint alleges:

7           Venue in the United States District Court for the Northern District of California is
        proper under 5 U.S.C. § 552(a)(4)(B) because many of the records sought by the

8       Plaintiff are likely situated in the Corps' South Pacific Division and San Francisco
        District offices located at 1455 Market St., San Francisco, California. There is no

9       single United States District where all the records sought by the Plaintiff are likely
        situated, as various Corps' Division and District offices located throughout the

10      United States, (including California, Oregon, Washington, New Mexico, Maine,
        New Hampshire, Massachusetts, Connecticut, New York, Pennsylvania, Maryland,

11      and Delaware) as well as Corps headquarters in Washington D.C. may likely have
        responsive records. Of all the locations where venue would lie under 5 U.S.C. §

12      552(a)(4)(B), venue is most appropriate in the Northern District of California
        because Plaintiff's counsel is located in San Francisco and litigating the action in

13      San Francisco will avoid the expense of having Plaintiff's counsel travel to a
        distant court and thus reduce the burdens and costs of litigation to Plaintiff, which

14      is a nonprofit public interest organization with limited means.

15

16  (Dkt. No. 1 at ¶ 4.)

17          In support of its argument that responsive records are located in this District, plaintiff

18  presents evidence that documents responsive to a past search in another FOIA request concerning

19  topics similar to those in two of the four FOIA requests at issue in this case (FOIAs 1 and 3)

20  included records located in this District. (*See* Dkt. No. 14 at 6-7.)  Plaintiff also argues that venue

21  is proper in this District for the other two FOIA requests at issue (FOIAs 2 and 4) because FOIA 2

22  concerns biological opinions issued to the Corps for projects in the entire state of California,

23  which necessarily includes this District, and because at least some of the facilities listed in FOIA 4

24  fall within this District.[2] (*See id*. at 7-8.) Plaintiff notes that, at a minimum, the Corps' San

25  Francisco offices would have received copies of a legal memorandum, which it contends is

26

27          ───────────────────
        [2] In its reply brief, defendants note that just 2 of the 302 facilities at issue in FOIA 3 fall

28  within this District. (Dkt. No. 16 at 3.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    responsive to FOIA 4, issued by Corps Headquarters to all Corps Division and District offices

2    across the country. (*See id* at 7.)

3         Little case law exists on this issue of whether the mere possibility that requested

4    documents may be located in a district is sufficient to show proper venue.  That which does

5    suggests that venue is not proper. *See*, *e.g.*, *Rosiere v. Hawaii*, 2016 WL 3408848, at \*2 (D.

6    Hawaii June 1, 2016) (where responsive FOIA documents located in multiple districts, venue is

7    appropriate where plaintiff resides, in Washington, DC, or in separate actions in *each* of the

8    districts where the documents at issue were located); *O'Neill v. United States*, 2007 WL 983143,

9    at \*7 (E.D. Wisc. March 26, 2007) (finding that, unless waived as a defense, venue for three FOIA

10   documents located in Chicago would not be proper in the Eastern District of Wisconsin, even

11   though the fourth requested document was located in the Eastern District of Wisconsin).  Plaintiff

12   provides no authority to the contrary.

13        Here, it is undisputed that a significant portion of the responsive documents are actually

14   located in another district. Moreover, defendant has also provided evidence specifically stating

15   that the responsive documents are, in fact, *entirely* located in that other district (as to FOIAs 1 and

16   3) or that "there is no reasonable expectation that relevant agency records would be maintained"

17   by the Corps offices located in this District (as to FOIAs 2 and 4). (*See* Dkt. No. 12-1 at ¶¶ 7-8.)

18   Plaintiff's claim that venue would be proper in every federal judicial district where a Corps' office

19   is located because all offices allegedly received the same legal memorandum that it contends is

20   responsive to one of its FOIA requests is not supported with any legal authority. Nor does the

21   plain language of the FOIA venue statute support such an interpretation.

22        Accordingly, the Court finds that venue in this case is not proper in the Northern District of

23   California.

24        **II.     Dismissal versus Transfer**

25        Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss,

26   or if it be in the interest of justice, transfer such case to any district or division in which it could

27   have been brought." A court should examine a plaintiff's claim to determine whether the interest

28   of justice requires transfer instead of dismissal. *See, e.g., King*, 963 F.2d at 1304-05. "Normally

4

<div style="writing-mode: vertical-rl">United States District Court
Northern District of California</div>

1    transfer will be in the interest of justice because normally dismissal of an action that could be

2    brought elsewhere is time-consuming and justice-defeating." *Baeta v. Sonchik*, 273 F.3d 1261,

3    1264 (9th Cir. 2001) (citations and internal quotation marks omitted).

4           Plaintiff argues that dismissal would prejudice its case because it would cause further delay

5    in resolving FOIA requests that are already months overdue. (Dkt. No. 14 at 11-12.) In addition,

6    because Friends of the River is a nonprofit organization with a limited budget, plaintiff argues that

7    re-filing will require it to pay additional fees and costs that would be a burden that could be

8    avoided if the case was transferred rather than dismissed. (*Id*. at 12.) Finally, plaintiff states that it

9    had a good faith and reasonable belief that venue was proper in the Northern District. (*Id*.)

10          The Court is persuaded by plaintiff's arguments and finds that that the interest of justice

11   dictates that this case be transferred rather than dismissed. Plaintiff has specifically requested that

12   the case be transferred to the District of Columbia, which Congress has expressly established as a

13   place of proper venue for all FOIA cases, regardless of where the records at issue are located. *In re*

14   *Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983). Defendant also agreed that, if the Court granted a

15   transfer, the District of Columbia would be an appropriate forum. (*See* Dkt. No. 16 at 6.) Thus, the

16   Court will transfer the case to the District of Columbia.

17   <center>**CONCLUSION**</center>

18          In conclusion, the Court finds plaintiff has not alleged or offered facts to show that venue

19   is proper in the Northern District of California. However, the interest of justice requires that the

20   case be transferred rather than dismissed. Accordingly, the Motion to Transfer Venue is

21   **GRANTED**. The clerk of court shall transfer this case to the District of Columbia.  Given the lack

22   of jurisdiction, the Court declines to rule on the motion to dismiss.

23          This order terminates Docket No. 12.

24          **IT IS SO ORDERED.**

25   Dated: November 22, 2016

26   

27                       **YVONNE GONZALEZ ROGERS**
                    **UNITED STATES DISTRICT COURT JUDGE**

28

<center>5</center>